**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:13-CV-705 |
| FORD GLOBAL TECHNOLOGIES, LLC, | § § § | |
| *Defendant*. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On August 4, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #34], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant's Motion to Dismiss for Lack of Standing Under Fed. R. Civ. P. 12(b)(1) [Doc. #7] be denied.

On August 18, 2014, Ford Global Technologies, LLC ("Ford") filed its objections to the report and recommendation of the Magistrate Judge [Doc. #39]. On September 2, 2014, the Automotive Body Parts Association ("ABPA") filed its response [Doc. #42]. On September 15, 2014, Ford filed its reply [Doc. #44].

Ford first objects to the Magistrate Judge's consideration of the ABPA's sur-reply and evidence without a hearing and without either (1) a response from Ford, or (2) expressly stating that the denial of the motion to dismiss was without prejudice for further discovery. This objection is without merit. This court's local rules allow a motion, response, reply, and sur-reply to be filed in briefing a motion. EASTERN DISTRICT OF TEXAS LOCAL RULE ("LOCAL RULE")

1

7(a)-(f). Ford did not file a motion to strike the sur-reply, or otherwise notify the court that discovery, a response and a hearing were needed to address issues raised in the sur-reply. Ford also fails to mention that this was a situation created entirely by its own actions. As the Magistrate Judge pointed out in the report and recommendation, this court does not ordinarily condone presenting a new argument with additional evidence in a sur-reply brief [Doc. #34 at 4 n.1]. However, Ford presented a new factual challenge with new evidence in its reply brief, and so the submission of new evidence and a response to the factual challenge by the ABPA was proper in that it responded to the new issues raised by Ford. Ford's objection is overruled.

There is no need for the report and recommendation of the Magistrate Judge to expressly note that the denial of the motion to dismiss was without prejudice to further discovery. Discovery in this case is ongoing, and the issues between the parties have not yet been completely resolved. "Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court." *In re Jillian Morrison, L.L.C.*, 482 F. App'x 872, 875 (5th Cir. 2012) (citing *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005); *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)). If raised at a later time in an appropriate motion, the court may be asked to consider the issue of standing again in light of information revealed by further discovery or other factual information. Ford's objection is overruled.

Next, Ford objects that the motion to dismiss should have been granted in part on the issue of non-infringement and the three patents that are not being pursued by the ABPA. Ford notes that "[t]he ABPA recognized in responding to the motion to dismiss that the request for a declaratory judgment of non-infringement could not be sustained as a result of the member

participation required," and asserts that the motion to dismiss should have been granted on this claim. As the ABPA points out, non-infringement of a patent is not a cause of action, it is a defense to the cause of action of patent infringement. The reason the declaratory judgment complaint requested a declaration of non-infringement is because the ABPA claims that the Ford patents are invalid, and an invalid patent cannot be infringed. This was not the issue made the basis of the motion to dismiss, and the issue of validity has not yet been resolved by the court. Thus, a ruling on "non-infringement" would not be appropriate at this time, but may be resolved at a later date by an appropriate motion. Ford's objection is overruled.

Ford next objects to the Magistrate Judge's interpretation of *Association for Molecular Pathology v. Myriad Genetics, Inc. ("Myriad")*, 133 S. Ct. 2107 (2013), and objects to the finding of the Magistrate Judge that while "there is little case law in which associational standing was permitted against a patentee, it is not entirely accurate to say that it is unprecedented" [Doc. #34 at 3]. Ford states that in *Myriad*, the standing of the associations was explicitly reversed by the Federal Circuit, and only one individual plaintiff was permitted to move forward on the validity of the patent [Doc. #39 at 7-8 (citing *Myriad*, 653 F.3d at 1323)]. Ford states that this is relevant because the Federal Circuit's case law demonstrates that (1) patent cases are generally fact-intensive endeavors requiring heavy member involvement that would rarely, if ever, be suitable for association action, (2) patent cases involve particular patents, particular products, and personal defenses such that the extension of benefits to members is difficult to achieve via judiciary decisions, and (3) the exercise of discretion in declining jurisdiction is further warranted.

Throughout its motion and briefing, Ford argued that associational standing was "unprecedented" in a patent case, and for this reason should not be considered by the court. The

3

statement made by the Magistrate Judge merely clarifies that there is little case law dealing with the exercise of associational standing in the patent context, but that it is not unprecedented. The Magistrate Judge notes that in Myriad, "the three prongs for associational standing were established and unchallenged in the district court" [Doc. #34 at 3]. On appeal, the Federal Circuit determined that the associations did not have standing, but it was due to a lack of declaratory judgment jurisdiction under a different standard and not based on lack of associational standing of the organizations. *Id*. The Magistrate Judge further found that the Federal Circuit has considered associational standing in the context of other intellectual property cases involving trademark and copyright, and discussed some of those cases as instructive. *Id*. Thus, Ford's argument is incorrect and is overruled.

Further, it is irrelevant whether associational standing is unprecedented or not. The court not infrequently addresses issues of first impression where there is little to no case law directly on point. The question before the court is whether associational standing has been established in this case based on the relevant law and the facts presented to it, and the court must resolve this issue. Ford has not presented the court with any case law finding that associational standing may never be exercised in a patent case. Ford's objection is overruled.

Ford next argues that the Magistrate Judge erred in concluded that declaratory judgment standing extended to all six patents because Ford did not charge New World with infringing U.S. Patent No. D489657. This objection is now moot because patent number D489657 is one of the three patents the ABPA has dropped from this litigation.

Ford next objects to the finding of the Magistrate Judge that a "charge" of infringement sufficient to establish declaratory judgment standing. Specifically, Ford argues that after the charge of infringement sent by Ford in this case, New World agreed to cease the particular

4

accused activity, and that there was no longer a justiciable case or controversy. The Magistrate Judge concluded that "[i]n its cease and desist letters, Ford accused New World of infringing the design patents, which is sufficient to establish that New World would have standing in its own right to bring an action for declaratory judgment against Ford. The first *Hunt* prong is satisfied" [Doc. #34 at 6]. This is a correct statement of Federal Circuit law. *3M Company v. Avery Dennison Corp.*, 673 F.3d 1372, 1379 (Fed. Cir. 2012) (citing *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993) ("[a]nd, of course, if 'a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction.")). Further, as the ABPA points out, the last charge of infringement was made only two weeks before the lawsuit was filed in this case, and the ABPA provided sales invoices to Ford indicating that New World made sales of parts related to the patents in suit in November 2013, both before and after Ford's last charge of infringement on November 13, 2013. Thus, up to the date of filing, there was clearly a justiciable controversy sufficient to satisfy the first prong of the *Hunt* test, as found by the Magistrate Judge. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Ford's objection is overruled.

Ford also indicates that questions remain regarding whether New World had a source that could supply the product, whether the sales are authorized, and that it needs additional discovery to test the evidence. As noted above, discovery is ongoing in this case, and the court may be asked again at a later date to resolve further issues regarding standing, if necessary.

Ford objects to the finding of the Magistrate Judge that a direct conflict of interest will not prevent associational standing. The Magistrate Judge carefully considered the case law discussing this issue, noting that there is a split in the circuits on when a conflict between

5

members will defeat associational standing [Doc. #34 at 8].  The Magistrate Judge noted the following:

> One view suggests that conflicts of interest among group members are not relevant to whether associational standing should be permitted.  *See, e.g., Associated General Contractors of California v. Coalition for Economic Equity*, 950 F.2d 1401 (9th Cir. 1991) ("[A]n organization's internal conflicts properly should be resolved through its own internal procedures, not through limitations on standing."); *National Maritime Union v. Commander, Military Sealift Command*, 824 F.2d 1228, 1231-34 (D.C. Cir. 1987) (conflicting interests among members will not defeat union's standing to urge the interests of some member in litigation).  These circuit court decisions rely on the Supreme Court's holding in *Brock*, noting that the Supreme Court "appeared to deal with the problem of conflicting interests by saying that associational standing was too valuable to jettison and offering possible safeguards for members whose interests were adverse to the litigating position taken by the association." *Nat'l Maritime Union*, 824 F.2d at 1233 (citing *Automobile Workers v. Brock*, 477 U.S. 274, 288-90 (1986)).  To the extent an individual member has a conflict, "if they had standing, [they] could intervene to advance their interests against the association's position on the merits." *Id*.  The opposing view finds that "profound" conflicts of interests among the members may defeat associational standing.  *See Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246 (4th Cir. 1991); *Retired Chicago Police Ass'n v. City of Chicago ("RCPA I")*, 7 F.3d 584 (7th Cir. 1993); *Hospital Council of Western Pennsylvania v. City of Pittsburgh*, 949 F.2d 83 (3d Cir. 1991); *Associated General Contractors of North Dakota v. Otter Tail Power Co.*, 611 F.2d 684, 691 (8th Cir. 1979).  The Seventh Circuit stated that a "profound conflict arises" in two situations: (1) "where an association seeks standing to directly sue some of its own members"; and (2) "where the association's suit, if successful, would cause a direct detriment to the interests of some of its members and the litigation was not properly authorized." *Retired Chicago Police Ass'n v. City of Chicago ("RCPA II")*, 76 F.3d 856, 864 (7th Cir. 1996).  It appears that neither the Fifth Circuit nor the Federal Circuit have expressly addressed this issue.  *But see Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1296 (5th Cir. 1992) (Weiner, J., concurring in part and dissenting in part) (noting that the rule that associational standing is defeated when members may have conflicting interest on outcome of litigation has been rejected by most circuits that have considered it).

[Doc. #34 at 8-9].  The Magistrate Judge then found that under both views, the ABPA established that the alleged conflict in this case should not defeat associational standing.  Under the first view, the conflict of interest would not defeat standing and could be resolved by the ABPA's internal procedures or the member at issue, LKQ, could intervene in the litigation to

advance its interests. Under the second view, the ABPA has not sought standing to sue its member LKQ, so the first situation does not apply. Further, the court agrees that there is no evidence of direct detriment to LKQ, other than the conclusory statement that its interests would be damaged, and there is no evidence that the litigation was not properly authorized by the appropriate procedures. Ford's objection is overruled.

Ford also objects to the Magistrate Judge's factual findings, and states that the Magistrate Judge was factually incorrect about the interests of the ABPA members. Ford then goes on to describe evidence and argument that was not available to the Magistrate Judge, as it was discovered after the briefing was completed. The court will not consider evidence that was not before the Magistrate Judge at this time. However, it does not appear that this new evidence would alter the discussion above regarding member interests. There is still no evidence that the litigation was not properly authorized by the administrative procedures. Ford's objection is overruled.

Ford also objects to the fact that the Magistrate Judge did not adequately explain why the lawsuit is germane to the purposes of the ABPA. The Magistrate Judge found:

> "The germaneness requirement is 'undemanding' and requires 'mere pertinence' between the litigation at issue and the organization's purpose." *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Medical Board*, 627 F.3d 547, 550 n.2 (5th Cir. 2010) (citing *Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 148 (2d Cir. 2006)). The ABPA has met this low threshold to show that the interests it represents are germane to the purposes of the ABPA organization. For example, if the named patents are rendered invalid and/or unenforceable, then all ABPA members can sell these parts without obtaining a license from Ford to do so. This is certainly relevant to the ABPA's objectives to promote fair and honorable trade practices between the membership and its customers and to discourage unfair competition and violation of business customs and usages of the trade.

[Doc. #34 at 7-8]. This is an adequate explanation. Ford's objection is overruled.

Ford objects to the Magistrate Judge's conclusion that limited member participation would be required on the issues of exhaustion and functionality. Ford then makes a lengthy argument regarding the merits of the exhaustion and functionality doctrine. The Magistrate Judge concluded, and this court agrees, that the merits of these two doctrines should be addressed at the appropriate time through the appropriate motion. There has not yet been an opportunity for full discovery, briefing, and argument on these issues, which may be necessary for a complete resolution of these issues at this time. Relying on the allegations in the complaint, the Magistrate Judge found that the exhaustion doctrine is triggered by the authorized sale of a product that embodies the essential feature of the patented invention and whose only reasonable and intended use is to practice that patent [Doc. #34 at 13]. The Magistrate Judge concluded that "to the extent that the initial authorized sale of a patented item must be fact specific, it is of such a nature that it can be proven by a few representative members of the ABPA, and 'once proved as to some,… would be proved as to all'" [Doc. #34 at 13-14 (citing *Ass'n of Am. Physicians & Surgeons*, 627 F.3d at 552)]. The Court agrees, and Ford's objection is overruled.

Turning now to the doctrine of functionality, the Magistrate Judge concluded that:

> The Court agrees with the ABPA that the defense of functionality, as it has been asserted in the complaint, will not require member-by-member individualized proof, and to the extent that such proof is necessary, it can be satisfied by a small, representative group of members of the ABPA. Thus, the Court finds the third prong of the *Hunt* test is satisfied, and the ABPA has met its burden to show that it has associational standing to assert its claims on behalf of its members.

[Doc. #34 at 15]. This court agrees. Ford asserts that this legal theory is unsupported by the law; however, again, the court notes that this issue is best resolved at the appropriate time in the appropriate motion. Ford's objection is overruled.

Finally, Ford objects to the Magistrate Judge's recommendation that this court not exercise its discretion to decline to exercise jurisdiction in this case. Ford contends that because

8

this case is unprecedented, the ABPA failed to notify its members of the litigation, a lack of universal interest on the part of the members, and the fact that this is really an internal dispute among the aftermarket automotive replacement parts competitors that this court should decline to exercise its jurisdiction. The Magistrate Judge fully considered Ford's arguments, and stated that it would not decline to exercise declaratory judgment jurisdiction [Doc. #34 at 16]. The court agrees, and Ford's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Ford's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #34] is hereby adopted, and Defendant's Motion to Dismiss for Lack of Standing Under Fed. R. Civ. P. 12(b)(1) [Doc. #7] is **DENIED.**

It is further **ORDERED** that Plaintiff, Automotive Body Parts Association, file an amended complaint no later than October 3, 2014, in this action reflecting that it is no longer pursuing its claims against three patents as stated in its response, and making any other changes as needed.

So **ORDERED** and **SIGNED** this **17** day of **September, 2014.**

_____
Ron Clark, United States District Judge