IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 4:13-CV-00705-ALM |
| FORD GLOBAL TECHNOLOGIES, LLC, | § § § | |
| Defendant. | § § | |

## MOTION TO VACATE ORDER OF TRANSFER (DKT. #62)

Plaintiff Automotive Body Parts Association (ABPA), pursuant to Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b), moves to vacate Order of Transfer (Dkt. #62), respectfully showing the Court as follows:

1. Preliminary Statement

The preliminary statement set forth in Plaintiff's Motion for Reconsideration filed January 28, 2015 (Dkt. #69) is incorporated by reference herein.

2. Procedural Posture of the Case

The procedural posture of the case statement set forth in Plaintiff's Motion for Reconsideration filed January 28, 2015 (Dkt. #69) is incorporated by reference herein.

3. Applicable Legal Standard on a Motion to Vacate

The applicable legal standard set forth in Plaintiff's Motion for Reconsideration filed January 28, 2015 (Dkt. #69) is incorporated by reference herein.

4. Application of the Standard

In ABPA's Motion for Reconsideration of Order of Transfer (Dkt. #69), ABPA stated:

> For the reasons stated in the Motion to Disqualify, ABPA desires a District Court Judge that did not issue the R & R on the Motion to Transfer while a Magistrate Judge in this case to rule on the objections to the R & R and to consider the

1

Motion to Consider Additional Evidence. Given the unusual procedural posture of this case, ABPA is not certain of the correct method to accomplish this goal. It appears that two procedures may be available. The first is to file a Motion to Vacate the Order of Transfer based on the reasons stated in the Motion to Disqualify and to request a different District Court Judge to rule on the objections and the Motion to Consider Additional Evidence. The second is to file a Motion to Reconsider the Order of Transfer and a Motion to Reconsider the Motion to Consider Additional Evidence with a request that the Motions be considered by a Judge other than Judge Mazzant for the reasons stated in the Motion to Disqualify. Since ABPA is uncertain how to proceed, ABPA will do both.

Therefore, ABPA moves separately to vacate the order of transfer based on the reasons stated in the motion to disqualify (Dkt. #65).

In *Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847 (1987), the Supreme Court affirmed a judgment of the Court of Appeals that vacated a judgment under Rule 60(b)(6) after a violation of 28 U.S.C. § 455(a) occurred. The Court stated "in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. The Supreme Court stated further "[w]e must continuously bear in mind that 'to perform its high function in the best way 'justice must satisfy the appearance of justice. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (citation omitted)" and "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *See* S.Rep. No. 93-419, at 5; H.R.Rep. No. 93-1453, at 5." *Id.*

    a.    Risk of Injustice to the Parties

There is risk of injustice to the parties in this case if the Order to Transfer (Dkt. #62) is not vacated. On November 7, 2014, Judge Mazzant signed a Report and Recommendation ("R

& R") that recommended the motion to transfer venue of Ford Global Technologies, LLC (FGTL) be granted. (Dkt. #51). The R & R stated at page 14:

> Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

3. 28 U.S.C. § 636(b)(1)(C) provides in relevant part:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Pursuant to the express directive by Judge Mazzant in the R & R and pursuant to the Federal Rules of Civil Procedure, ABPA timely served objections to the R & R. (Dkt. #52). FGTL responded to the objections (Dkt. #55), ABPA replied (Dkt. #57) and a filed a Motion to Supplement Evidence, (Dkt. #58) and Ford Sur-Replied. (Dkt. #59).

ABPA complied with Judge Mazzant's directive in the R & R and is entitled to a review[1] of the R & R and a consideration of the motion to supplement evidence. It would be unjust for ABPA not to receive an appropriate review of the R & R after timely filing objections, particularly because Judge Mazzant directed the parties to file objections, the R & R expressly

---

[1] The parties disagree on the standard of review. The R & R cites 28 U.S.C. § 636(b)(1)(C), which provides for de novo review, which ABPA agrees with. FGTL argues the review should be for clear error. Resolution of this standard of review dispute is not necessary for the resolution of this motion to vacate because (i) there is no indication that either type of review took place and (ii) ABPA argues that both the R & R and Order of Transfer contain clear error.

mentioned 28 U.S.C. § 636(b)(1)(C), and § 636(b)(1)(C) provides for a de novo review of the R & R. This review should be by a District Judge other than Judge Mazzant for the reasons stated in the Motion to Disqualify (Dkt. #65) and the Motion for Reconsideration (Dkt. #69). In sum, if the Order to Transfer is not vacated, manifest injustice will occur because ABPA will have been deprived of the very review provided for by the Federal Rules of Civil Procedure and as indicated by Judge Mazzant's own R & R.

Further, as in *Liljeberg, supra,* there is "a greater risk of unfairness" in upholding the order of transfer in favor of FGTL "than there is in allowing a new judge to take a fresh look at the issues." 486 U.S. at 868. In *Liljeberg,* Judge Rubin's dissent "expressed the opinion that 'Liljeberg's chicanery,' *id*., at 78a, gave rise to [a defense]." (estoppel as a matter of law). *Id.* at 868, fn. 16). Similarly, FGTL initially denied in its motion to dismiss briefing that there was a patent infringement controversy between FGTL and ABPA member New World International, Inc. (New World). Then, despite making allegations of willful patent infringement against New World in FGTL's answer (Dkt. #50, ¶16) (that was filed after the briefing on the motion to transfer venue was complete), FGTL argued that allegations of infringement and willful infringement by FGTL against New World should not factor into the analysis on the motion to transfer venue. (Dkt. #59).

However, on January 29, 2015, FGTL sued New World and others for alleged patent infringement and willful patent infringement in the Eastern District of Michigan. *See* Complaint for Patent Infringement*; Ford Global Technologies, LLC v. New World International, Inc., Auto Lighthouse Plus, LLC, and United Commerce Centers, Inc.,* 2:15-cv-10394, United States District Court, Eastern District of Michigan, attached as Exhibit 1 hereto. The lawsuit against New World includes the very same two patents that are involved in the instant case. As argued

by ABPA in a second motion for reconsideration, the filing of FGTL's lawsuit against New World and its allegations of infringement and willful infringement (and all related relevant evidence) should be considered by this Court in the transfer analysis in this case. Since this new lawsuit and its related evidence should be analyzed by this Court in a fresh review (in addition to the additional evidence previously provided), this is an additional reason why there is "a greater risk of unfairness" in upholding the order of transfer in favor of FGTL "than there is in allowing a new judge to take a fresh look at the issues." 486 U.S. at 868.

Finally, neither ABPA nor FGTL can make a showing of special hardship by reason of their reliance on the original transfer order. In *Liljeberg,* the Supreme Court found that neither party could make a special showing of hardship because the issue of ownership had not yet been settled and was still the subject of ongoing litigation. *Id.* at 869, fn. 17. Similarly, in this case, a motion for reconsideration has been filed on the order of transfer and is still pending, and a motion to disqualify Judge Mazzant has been filed and is pending. Therefore the issue of transfer has not yet been settled in this Court.

  b.  Risk that the denial of relief will produce injustice in other cases

Vacating the Order of Transfer will not produce injustice in other cases. In *Liljeberg,* the Supreme Court stated "providing relief in cases such as this will not produce injustice in other cases; to the contrary, the Court of Appeals' willingness to enforce § 455 may prevent a substantive injustice in some future case by encouraging a judge or litigant to more carefully examine possible grounds for disqualification and to promptly disclose them when discovered." Similarly, the willingness to enforce § 455 in this case by vacating the transfer order may prevent a substantive injustice in some future case by encouraging a judge or litigant to more carefully examine possible grounds for disqualification, including the grounds alleged in this case.

Further, it will reaffirm the strong commitment courts in the Fifth Circuit have to avoiding even the appearance of impropriety by a Judge.

      c.      Risk of undermining the public's confidence in the judicial process

If the transfer order is not vacated, the public's confidence in the judicial system will be undermined. In *Liljeberg*, the United States Supreme Court quoted Chief Judge Clark of the Fifth Circuit Court of Appeal that "[t]he goal of section 455(a) is to avoid even the appearance of partiality." In *In re Faulkner*, the Fifth Circuit stated:

> Significantly, the [United States Supreme] Court suggests that although the view of the "reasonable person" may not always be fair or even accurate, it is still the standard that must be applied: "[P]eople who have not served on the bench are often all too willing to indulge suspicions and doubts concerning the integrity of judges. The very purpose of Sec. 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. *Id.* l08 S.Ct. at 2204-05.

856 F.2d at 721.

In the instant case, then-Magistrate Judge Mazzant signed a report and recommendation that recommended this case be transferred. ABPA filed objections and moved for consideration of additional evidence. Based on the objections and motion, ABPA was entitled to a review of the report and recommendation by a United States District Court Judge. The order assigning this case to District Judge Mazzant was entered on January 7, 2015, which was the same day that Judge Mazzant signed the Memorandum Opinion and Order (Dkt # 62) that granted the Motion to Transfer Venue. The Order of Transfer does not indicate that any review occurred and the motion to consider additional evidence was denied as moot.

Such a self-review at a minimum creates the appearance of impropriety under the strict reasonable man standard used by the Supreme Court and Fifth Circuit. The objective reasonable man would legitimately question whether a judge who has already formed conclusions about the

case could conduct the same type of review, or could issue an order, as one who has not. Therefore, the public's confidence in the judicial system will be undermined if the transfer order is not vacated.

In *Liljeberg* the Supreme Court concluded that it was "appropriate to vacate the judgment unless it can be said that respondent did not make a timely request for relief, or that it would otherwise be unfair to deprive the prevailing party of its judgment." *Id.* at 868. In this case ABPA made a timely request for relief and filed the motion to disqualify 12 days after the order of transfer was entered. The motion for reconsideration was timely filed 20 days after the transfer order was entered. Therefore, ABPA made a timely request for relief. Finally, as explained above, it would not be unfair to deprive FGTL of the transfer order in its favor. FGTL timely responded to ABPA's objections and has an opportunity to respond to the motion to disqualify, the motions for reconsideration, and to this motion to vacate.

5.  Request for Relief

For the reasons set forth above, ABPA requests that the Order of Transfer (Dkt. #62) be vacated.

Date: February 4, 2015

                                                           Respectfully submitted,

                                                           /s/ Robert G. Oake, Jr.
                                                           Robert G. Oake, Jr.
                                                           Texas State Bar No. 15154300
                                                           Oake Law Office
                                                           825 Market Street, Suite 250
                                                           Allen, Texas 75013
                                                           (214) 207-9066
                                                           rgo@oake.com

                                                           Attorney for Plaintiff ABPA

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on February 4, 2015.

/s/ Robert G. Oake, Jr.<br>Attorney for ABPA