# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS ASSOCIATION, | § § § | |
| v. | § § | Case No. 4:13-CV-00705 |
| | § | Judge Mazzant |
| FORD GLOBAL TECHNOLOGIES, LLC | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Disqualify United States District Court Judge (Dkt. #65). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Disqualify should be denied.

## BACKGROUND

On November 7, 2014, the undersigned, then serving as a Magistrate Judge assigned to this case, signed a Report and Recommendation recommending Ford Global Technologies, LLC's ("Ford") motion to transfer venue be granted. Automotive Body Parts Association ("ABPA") timely served objections to the report on November 24, 2014. On December 19, 2014, the undersigned began performing his duties as a United States District Court Judge, assigned to the Sherman Division. On January 7, 2015, the docket was updated to reflect the case's reassignment from the undersigned in his role as a Magistrate Judge to the undersigned in his new role as a United States District Court Judge. Shortly following this reassignment, the undersigned, after considering all briefings on the motions, the Report and Recommendation, and all objections, filed a Memorandum Opinion and Order granting Ford's Motion to Transfer Venue. (Dkt. #62). The Memorandum Opinion and Order contained the following

footnote: "On November 7, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly." (Dkt. #62).

On January 20, 2015, Plaintiff filed its Motion to Disqualify United States District Court Judge. (Dkt. #65). Defendant filed its response on February 6, 2015. (Dkt. #74). Plaintiff filed a reply to Defendant's response on February 17, 2015. (Dkt. #78). Defendant filed its sur-reply on February 27, 2015. (Dkt. #82).

## LEGAL STANDARD

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is required where "a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004). This is an objective standard, which looks at "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

"A motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge' . . . [and, as such, it is] reviewed for abuse of discretion." *Sensley*, 385 F.3d at 598 (internal citations omitted). In reviewing a motion to disqualify, the district judge should be cautious and discriminating because "[a] thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could

introduce a bias into adjudication." *Id*. at 599 (quoting *In re Mason*, 916 F.2d 384, 385–86 (7th Cir. 1990)). This special care is necessary "to prevent parties from abusing [section] 455 for a dilatory and litigious purpose based on little or no substantiated basis." *Id*. at 598 (internal quotations omitted). Because "Congress did not enact [section] 455(a) to allow counsel to make a game of the federal judiciary's ethical obligations; [courts] should seek to preserve the integrity of the statute by discouraging bad faith manipulation of its rules for litigious advantage." *Delesdernier v. Porterie*, 666 F.2d 116, 121 (5th Cir. 1982).

## ANALYSIS

Plaintiff alleges that an appearance of impropriety was created by the undersigned "issu[ing] an order on a motion that he already issued a report and recommendation on when he was a Magistrate Judge." (Dkt. #65 at 10). Plaintiff further asserts that the "appearance problem" it believes was created by the undersigned issuing an order on a motion that he previously issued a report and recommendation on as a magistrate judge requires the undersigned's disqualification from "ruling on the Motion to Transfer Venue and any related motions in [the] matter." (Dkt. #65 at 10). Plaintiff alternatively complains that an appearance of impropriety was created because the undersigned's order "d[id] not review or address any of the objections filed by ABPA," "d[id] not mention that any type of a review was conducted," and contained "no additional analysis from that contained in the [report]." (Dkt. #65 at 2).

In support of its position, Plaintiff relies primarily on *Dawson v. Marshall*, 561 F.3d 930 (9th Cir. 2009), a Ninth Circuit case from 2009 which presents a similar fact pattern involving a Magistrate Judge who issued a Report and Recommendation, was

later commissioned as a United States District Court Judge and reassigned the case in his new capacity, and subsequently issued an order regarding the same matter as he had written his Report and Recommendation. (Dkt. #65 at 3). In deciding *Dawson*, the Ninth Circuit noted that the Judge's role in the case "violated no law and denied Dawson no right," concluding that the Judge's role in the case was "proper." *Dawson*, 561 F.3d at 933-34. The Court further noted that the case was "substantively indistinguishable from the situation in which no magistrate judge ever made recommendations, but instead the case remained with the district judge for disposition, without the magistrate judge's [report]"—a situation the court stated "would pose no problem." *Id*. at 933.

While the Ninth Circuit opined that "the practice of district judges reviewing cases on which they previously sat as magistrate judges is not desirable," it did not indicate any reason *why* such a situation is not desirable beyond a cursory statement that "there is a problem of appearances." *Id*. at 933-34. It is unclear what possible "problem of appearances" would exist in the present situation to cause a "well-informed, thoughtful and objective observer," with knowledge of all of the facts, to harbor doubts concerning the undersigned's impartiality.

The Ninth Circuit is not controlling precedent for this Court, and the persuasive weight of *Dawson* in supporting the Plaintiff's position is minimal. The action taken by the Ninth Circuit in *Dawson*, which Plaintiff seeks to use as support, was undertaken solely in its supervisory role over the district courts in that circuit. And, even in that limited context, was explicitly labeled a suggestion rather than a requirement. *Id*. at 934 ("Therefore, in our supervisory capacity over the district courts of this Circuit, we *suggest* that district courts avoid assigning new district judges to cases they handled as

4

magistrates.") [1] (emphasis added). This suggestion cannot reasonably be viewed as creating a basis for disqualification given the continued affirmation of the practice in the Ninth Circuit. *See, e.g., Lamon v. Ellis*, 584 F. App'x 514, 516 (9th Cir. 2014) (holding that a Judge's continuation with the case "neither prejudiced [the appellant] nor raised Article III concerns" and describing *Dawson* as "holding the assignment of a district judge to a case on which he had previously worked as a magistrate judge 'violated no law and denied [the appellant] no right.'"); *Frye v. Warden,* No. CIV S-99-0628 LKK DAD (TEMP), (E.D. Ca. Jan. 14, 2011) (noting that under *Dawson*, "[r]eassignment of a case to a district judge who presided over the case while a magistrate judge" is permissible, but "should occur only rarely").

As outlined above, the Ninth Circuit's action in *Dawson* cannot reasonably be understood as anything more than a non-binding suggestion made in the Circuit's supervisory capacity over the district courts beneath it. Nevertheless, Plaintiff cites to *Fredonia Broadcasting Corp., Inc. v. RCA Corp.*, for the assertion that the Ninth Circuit's view of the situation as "undesirable" ought to be controlling in light of the fact that the Fifth Circuit has not adopted any analogous rule or guidance regarding the matter. This argument is unconvincing, not only as *Fredonia* is easily distinguishable from the case at hand, but also because, even if this Court was to give precedential effect to *Dawson* under *Fredonia*, it would not require disqualification in the present case.

In *Fredonia*, a district court judge "considered the ethical canons and the rules promulgated by the Supreme Court and the Court of Appeals for the First Circuit" but

---

[1] Even if one was persuaded by the Ninth Circuit's suggestion, the implementation of such a rule in the Sherman Division would be impracticable. Not only is the undersigned the only Judge currently seated in Sherman, Texas, nearly the entire docket of civil cases to which he is currently assigned are cases he previously handled as a magistrate judge.

chose not to apply them because of the absence of a formal rule of the same nature in the Fifth Circuit, a decision that the Fifth Circuit categorized as "erroneous." *Fredonia Broad. Corp., Inc. v. RCA Corp.*, 569 F.2d 251, 255 (5th Cir. 1978). However, the rule at issue in *Fredonia* was widely applied, and in failing to follow it, the judge ignored a rule that was not only a promulgated rule of other circuits, but also that of the Supreme Court, as well as being a canon of the American Bar Association's Code of Professional Responsibility, and the unpromulgated practice of numerous other federal courts. *Id*. at 255 n.5.

By contrast, to this Court's knowledge, the Ninth Circuit is the only court to have adopted a position regarding the practice of district judges reviewing cases on which they previously sat as magistrate judges. Further, it has done so only as a suggestion made in its supervisory capacity over the district courts in its Circuit, and even in that context, the Ninth Circuit has not found assignment of a district judge to a case on which he had previously worked as a magistrate judge to be a basis for disqualification. *Fredonia* does not require this Court to apply the Ninth Circuit's supervisory suggestion made in *Dawson* as precedential. Even if it did, the result would be no different under the Ninth Circuit's precedent as it is under the Fifth Circuit's: because a reasonable person would not have any reason to question the undersigned's impartiality, there is no need for disqualification.

Similarly, Plaintiff's complaints regarding the content of the undersigned's Memorandum Opinion are without merit. It is well established that a district court is presumed to have performed its duty to make a *de novo* review. *See, e.g., Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*,

22 F.3d 634, 646 (5th Cir. 1994); *McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994). The Fifth Circuit has gone so far as to say that it is "compelled to believe that the district court performed this duty" absent evidence to the contrary. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). The extent of this presumption is illustrated by the Fifth Circuit's holding in *Habets v. Waste Mgmt., Inc.*, which affirmed that a district court undertook the "requisite *de novo* review" where the district court entered a two-sentence order adopting the magistrate's recommendation without any opinion or analysis only one day after it received a party's objections, which included a 200–page appendix. *Habets*, 363 F.3d 378, 381 (5th Cir. 2004). In that case, the court specifically noted that "adoption of the recommendation after one day did not imply a lack of review, [because] the district court could have conducted a meaningful review without any objections." *Id*. Further, the court found a lack of "any pertinent case law that requires a district court to provide analysis when it adopts a magistrate's recommendation for summary judgment." *Id*. at 382.

As illustrated by *Habets*, Plaintiff's complaints regarding the substance of the Memorandum Opinion are insufficient to overcome the presumption that the undersigned District Judge undertook the requisite *de novo* review. That the undersigned's order "d[id] not review or address any of the objections filed by ABPA," "d[id] not mention that any type of a review was conducted," and contained "no additional analysis from that contained in the [report]" is not itself evidence that the undersigned failed to perform his duty. *See Brunig*, 560 F.3d at 295 ("bare fact that the district court's order does not explicitly state that it conducted a de novo review. . . . is no evidence that the district court did not conduct a de novo review."); *Kreimerman*, 22 F.3d at 646 ("[Appellants] do

little more than speculate that the district court may not have made a de novo review of the instant case. They advance neither evidence nor specific factual allegations in support of their prayer for reversal.").

Plaintiff has failed to identify any evidence that would indicate that the undersigned failed to perform his duty. The absence of such evidence compels a belief that the undersigned performed his duty, and Plaintiff's mere speculation is insufficient to rebut the presumption, notwithstanding the fact that the undersigned did not specifically address Plaintiff's objections to the Report and Recommendation in his opinion. As such, the Court finds that Plaintiff's motion is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Disqualify (Dkt. #65) is hereby **DENIED**.

**SIGNED this 24th day of March, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE