# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AUTOMOTIVE BODY PARTS | § | |
| ASSOCIATION | § | |
| | § | |
| v. | § | Case No. 4:13-CV-00705 |
| | § | Judge Mazzant |
| FORD GLOBAL TECHNOLOGIES, LLC | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court are Plaintiff's Motion to Re-Transfer Case and/or Court File (Dkt. #66), Plaintiff's Sealed Motion for Reconsideration of Order of Transfer (Dkt. #69), Plaintiff's Motion for Reconsideration of Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #70), Plaintiff's Motion to Vacate Order of Transfer (Dkt. #71), and Plaintiff's Second Motion for Reconsideration of Order of Transfer and Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #72). Having considered the relevant pleadings, the Court finds Plaintiff's motions should be denied.

## BACKGROUND

On November 7, 2014, the undersigned, then serving as a Magistrate Judge assigned to this case, signed a Report and Recommendation recommending Ford Global Technologies, LLC's ("Ford") motion to transfer venue be granted. Automotive Body Parts Association ("ABPA") timely served objections to the report on November 24, 2014. On December 19, 2014, the undersigned began performing his duties as a United States District Court Judge, assigned to the Sherman Division. On January 7, 2015, the docket was updated to reflect the case's reassignment from the undersigned in his role as a Magistrate Judge to the undersigned in his new role as a

1

United States District Court Judge. Shortly following this reassignment, the undersigned, after considering all briefings on the motions, the Report and Recommendation, and all objections, filed a Memorandum Opinion and Order granting Ford's Motion to Transfer Venue (Dkt. #62). The Memorandum Opinion and Order contained the following footnote: "On November 7, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly." *Id*. The Memorandum Opinion and Order, which directed the Clerk to transfer this case to the United States District Court for the Eastern District of Michigan, was entered on January 8, 2015. On January 14, 2015, the case was docketed in the Eastern District of Michigan.

Plaintiff filed its Motion to Re-Transfer Case and/or Court File (Dkt. #66) on January 20, 2015. On January 28, 2015, Plaintiff filed its Sealed Motion for Reconsideration of Order of Transfer (Dkt. #69). Plaintiff filed its Motion for Reconsideration of Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #70) on January 29, 2015. And on February 4, 2015, Plaintiff filed its Motion to Vacate Order of Transfer (Dkt. #71), as well as its Second Motion for Reconsideration of Order of Transfer and Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #72).

## LEGAL STANDARD

It is well established that "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Schwartz v. Curtis*, No. 4:07-CV-3494, 2008

2

WL 4467560, at *1 (S.D. Tex. Oct. 2, 2008) (quoting *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991)). "The date the papers in the transferred case are docketed in the transferee court . . . forms the effective date that jurisdiction in the transferor court is terminated," and this date "also forms the effective date that appellate jurisdiction in the transferor circuit is terminated; the transfer order becomes unreviewable as of that date." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) (internal citations omitted); s*ee generally*, *In re Sw. Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir. 1963) (per curiam) (holding district court lost jurisdiction once transfer was complete); 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.) ("When a motion for transfer . . . is granted and the papers are lodged with the clerk of the transferee court, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over the case and may not proceed further with regard to it.").

## ANALYSIS

Both the Fifth Circuit and the Eastern District of Texas have previously addressed a court's jurisdiction over a case where the transfer of the case to another court has been completed. In a case where a petitioner moved for leave to file a petition for mandamus to require a district judge to vacate a transfer order, the Fifth Circuit held that "when the petitioner's motion for leave was filed in this Court, the transfer was complete and the District Court . . . had already lost jurisdiction." *In re Sw. Mobile Homes, Inc.*, 317 F.2d at 66. In that case, the District Judge, after hearing the motion to transfer, had advised the parties that the action would be transferred at that time. Three days after the hearing, a formal order of transfer was entered. The papers were received by and docketed in the

transferee district court two days after the formal order was entered. Two days after the case had been docketed in the transferee court, petitioner filed its motion for leave to file a petition for mandamus. The Fifth Circuit noted that the petitioner had not seasonably moved for a stay within which to seek review of the transfer, and because the district court had already lost jurisdiction, it was "extremely doubtful" whether the Fifth Circuit still "ha[d] the power to compel the District Judge to vacate his order transferring the action." *Id*.

Similarly, the exact issue presented here was addressed in *Lands v. St. Louis Sw. R.R. Co*. The court in *Lands* granted a motion to transfer. After the case file had already been forwarded to the transferee jurisdiction, Plaintiff's counsel filed a motion to reconsider. The court held that "[t]he transfer has been made, the clerk has forwarded the file . . . and no stay was sought; thus, this court denies the motion for reconsideration." *Lands v. St. Louis Sw. R.R. Co.*, 648 F. Supp. 322, 325 (E.D. Tex. 1986).

The present case was docketed in the Eastern District of Michigan on January 14, 2015. As such, January 14, 2015 is the effective date that this Court's jurisdiction over the matter was terminated. However, none of Plaintiff's motions presently before the Court were timely filed prior to the January 14, 2015 change of jurisdiction.

ABPA did not file any motions to stay the transfer and indicated that in making that decision, it relied on a provision of Local Rule CV-83(b) (Dkt. #86 at 3). Local Rule CV-83(b) states that "[a]bsent an order of the court to the contrary, no sooner than the twenty-first day following an order of the court transferring the case to another district court or remanding it to the appropriate state court, the clerk shall transmit the case file to the directed court." E.D. Tex. Local Rule CV-83(b). This reliance on the local rule was

misguided, as the undersigned's Memorandum Opinion and Order (Dkt. #62) concludes just such an order, directing the Clerk to transfer this case immediately to the United States District Court for the Eastern District of Michigan.

Local Rule CV-83(b) provides that "[i]f a timely motion for reconsideration of the order of transfer or remand has been filed, the clerk shall delay . . . transferring the file until the court has ruled on the motion for reconsideration." Alternatively, Ford "offered to stipulate to a stay of the proceedings in response to the ABPA's expressed intention to challenge the Transfer Order." (Dkt. #89 at 3). Had ABPA opted to timely file a motion to stay the transfer or a motion for reconsideration, the transfer of the jurisdiction to the Eastern District of Michigan would have at minimum been delayed long enough to consider such a motion. Instead, ABPA allowed the transfer of jurisdiction to occur before filing any motion with this Court.

The result of this case is straightforward. As was stated in *Lands*, "[t]he transfer has been made, the clerk has forwarded the file . . . and no stay was sought;" thus, this Court denies the motions before it. *Lands*, 648 F. Supp. at 325.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Re-Transfer Case and/or Court File (Dkt. #66) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Sealed Motion for Reconsideration of Order of Transfer (Dkt. #69) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion for Reconsideration of Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #70) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Vacate Order of Transfer (Dkt. #71) is hereby **DENIED**.

It is finally **ORDERED** that Plaintiff's Second Motion for Reconsideration of Order of Transfer and Order Denying as Moot Plaintiff's Motion to Supplement Evidence (Dkt. #72) is hereby **DENIED**.

**SIGNED this 2nd day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE